We'll now turn to our final argument of the day, 23-1082, Hamilton v. Amazon. Ms. Guzman, if you're ready. Ms. Guzman, if you're ready. Good afternoon, dear audience. My name is Victoria Guzman. I represent the plaintiff, Dan Hamilton. May it please the court, I would like to reserve three minutes of my time for rebuttal. This case can be reduced to the interpretation of ten simple words. The regular rate includes all compensation paid to an employee. Rule 1.8.1 of the comps order provides examples of compensation, such as shift differentials and set hourly rates. But this is a non-exhaustive list. It is our position that the holiday pay— Did you mention that list, that regulation, in district court? We did not cite to it directly in district court. However, we set out the requirements that all compensation paid to an employee for time worked must be included in the calculation of overtime in our complaint. But you didn't cite to the specific regulation mentioning shift differentials as being included. There was a discussion in the district court in response to Amazon's motion to dismiss about whether or not holiday incentive pay was the same as holiday pay, which was an exception to this general rule that we're looking to apply. However, there was no argument made by Amazon that this was somehow not included within time worked. The argument from the district court— The question I was asking is what you argued. You didn't argue that it specifically is encompassed by the term shift differential. You didn't argue that in district court, did you? We asserted that in our complaint. We asserted that the holiday incentive pay is a shift differential, and shift differentials are required to be included in the calculation. But it seems to me that you're not making—it's in your complaint. Yes. It seems to me you're not making that argument on appeal. You've changed your argument. It seems to focus on the all compensation component of the wage order. Yes, Your Honor. We believe—well, we do believe that it is a shift differential. We don't believe that this court needs to make that determination of whether or not this compensation is, in fact, a shift differential because the law requires that all compensation for time worth must be included in the regular rate of pay. So regardless of whether or not the holiday incentive pay is a shift differential, it nevertheless falls into the definition of all compensation. I'm confused. I see your argument, and I understand what you're saying about all compensation, but I find that to be an interesting conflict with what seems to be your overall argument, which is that the statute is silent as to whether this is included. Vacation pay is included when the statute says all compensation, so shouldn't your argument be just the opposite? Shouldn't it be the statute is not silent? The statute says exactly what this is. It's all compensation unless it's accepted out. I mean, you make the argument, but then you call it—then you say the statute's silent. Can you explain that? Yes, Your Honor. Why is the statute silent? That may have been inartfully worded on our part. Well, that's all over your brief. Yes, I understand. And you go on and discuss the FLSA because you talk about the statute being silent, but I'm a little confused as to why we're talking about the FLSA if the statute is not silent. So the statute is silent as to the specific issue of holiday incentive pay, but at its core it is clear— Why is the statute silent? And Your Honor, again, I believe that was an inartful wording on our part that the law is not silent. It may be silent as to this particular exemption because there is a list provided within the law, but the law cannot be expected to provide examples of every single type of compensation when it lists all. But did the district court have an opportunity to rule on that argument? No, I do not believe so because we, in our response to the motion to dismiss, Amazon focused on the red herring that this case is somehow about holiday pay and that the payment made to my client was—fits within the definition of holiday pay. The district court properly found that the payment made to my client was compensation for time worked, and holiday pay is compensation for non-work hours. And so the district court should go beyond the briefing of this case and apply the law in the reverse. And we believe that the test is that all compensation, except for compensation for non-work hours, must be included in the regular rate. And as the district court found that the holiday incentive pay is compensation for time worked, that test is answered. And the compensation must have been included in the regular rate of pay, and the district court should not have gone further to apply the FOSA to this case. We believe that the law is clear, and there is no reason to look at what the FOSA says in the first place. The Colorado Supreme Court in Gomez has declared that looking at Colorado law through the lens of the FOSA is improper. The first step must be to look at what the law says. If the law is clear, there is no need to go any further to apply the law as it is written. And if and only if the law is ambiguous, then you may turn to other interpretive sources. The Colorado Supreme Court has also declared that it's improper to look at the FOSA unless there is substantially similar or identical language contained within the two regulations. And here we are comparing apples and oranges. But the district court said that whether the FOSA should be used to interpret Colorado law is irrelevant. That's what the district court said. Yes. So it, well, go ahead. And at the same time, the district court contradictorily ordered that compliance with the FOSA is not a violation of Colorado law. Here we're looking at two broad statutes with broad remedies. The FOSA contains a credit toward an overtime obligation for the employer that is an exemption from that broad remedy. Colorado law also is likewise a broad remedy, but it does not contain that exemption. And when you apply the FOSA and say that compliance with the FOSA incorporating an exception to that broad remedy that nowhere exists in Colorado law, that is where the district court took the misstep of stating that compliance with the FOSA is compliance with Colorado law. There is a complex framework in order in the FOSA to apply this holiday incentive pay and utilize that credit. An employer must meet certain requirements in order to utilize it. And if they don't meet those requirements, then the premium pay, just as in Colorado law, must be considered a shift differential, including in the rate of the rate of pay. Nowhere in Colorado law is there any indication that there would be an intent to incorporate this overtime credit. There are credits toward an employer's obligation to pay minimum wage, and there are exemptions from overtime for certain employees who perform certain duties. But nowhere in the law, in Colorado law, is there any intent or indication that Colorado law permits an employer to use a credit toward its overtime obligation. My concern is that this all compensation argument has been forfeited. And in part, what I'm looking at is sort of the litigation history, the way that you posed a certified question to the Colorado Supreme Court based on a theory that I think is now not being pursued. You've not renewed that motion. I mean, this is my interpretation, so tell me why the argument is not forfeited. We don't believe it's forfeited because on the face of our complaint, we stated that all compensation for an employee earned for time worked must be included in the rate of the rate of pay. In the briefing for the motion to dismiss, we responded to the distinct argument that this case is somehow about holiday pay. But you agreed it was silent. So the district court is contending with an argument about whether Colorado law is silent. And your position now seems to be that it is, as Judge Moritz pointed out, the opposite of silent. There it is. It speaks to it directly. So the district court, it seems to me, was not presented with the argument and an opportunity to rule on it and then for us to review that ruling. Your Honor, we believe that the district court went beyond the briefing. While we did say that Colorado law is silent as to this specific credit, we've never made the argument that Colorado law is silent altogether. As Colorado law requires that all compensation must be included in the regular rate. Our focus on silence was in relation to the specific credit that the FLSA allows an employer to utilize. When we say that Colorado law was silent as to that credit, that was our focus of silence. And perhaps we could have worded that better. But in our complaint, we did state that all compensation must be included. What about in your briefing? What about in your briefing to the district court? In our briefing to the district court, the only thing that all compensation should be taken literally, this is all compensation. It includes it unless excluded. And I don't know if we made that argument explicitly by saying all compensation. However, we were required to respond to the arguments of Amazon in its motion to dismiss. There was never an argument by Amazon that the FLSA should apply because Colorado law is silent. That was simply a step that the district court took on its own. Amazon made the argument that this case is—an irrelevant argument—that this case is somehow about holiday pay. And in answer to your earlier question about why— They equated holiday pay with holiday incentive pay. That is correct, Your Honor. And in answer to your earlier question about why we certified this question to Colorado Supreme Court, that was simply to cover our bases as an alternative argument. The Colorado Supreme Court in recent years has made a clear intent to interpret Colorado law broadly with both Nieto and Gomez. And we believed that because of the Colorado Supreme Court's focus on the broad interpretation of Colorado law, that this would be an apt question to certify to the Colorado Supreme Court simply because of their intent to refocus the law, as it has been interpreted improperly by both federal and state courts by turning immediately to the FLSA. And so, Your Honor, if you would ask that we don't believe that we forfeited our question, as we did assert at the base level that this law is clear at its core, we were required to respond to these arguments by Amazon that this case is somehow about the FLSA. But the FLSA has no relevance to this case at all, as Colorado law has no indication to include this obscure credit that has a very complex framework under the FLSA. And we believe that the district court answered the question in the affirmative that this case is about compensation for time worked, and he shouldn't have stopped there. And Amazon agrees that there is no ambiguity in the law, that Colorado courts, just as the Colorado Supreme Court found in Oracle, lack of reference to a specific issue within the statute does not create an ambiguity with respect to its reach. Rather, the test for inclusion remains unambiguous. Here, the test for what compensation must be included in the regular rate is, is the compensation for work or not work hours? And if your honors have no more questions, I would like to reserve the rest of my time for a while. Sure. Thank you. And I apologize for mispronouncing your name. I gave it the New Mexico pronunciation. Good morning, your honors. May it please the court, Jennifer Harpo, appearing on behalf of defendant AmazonServices.com, LLC. In this case, the district court properly found that while when a Colorado employer voluntarily pays a non-exempt employee a time and a half of their race-rated pay for working on a holiday, the holiday incentive pay may properly be excluded when calculating the employee's regular rate of pay for overtime work in the same work week. I don't see that. Tell me how the Colorado law says that. Colorado law says that because Colorado law is silent and unambiguous. Well, it says all pay, and surely this is a shift differential, isn't it? It's not a shift differential, respectfully, your honor, and the argument about all compensation has been waived by the other side. You didn't make that point in your brief, right? I'm sorry. You didn't. We did not make that point in our brief, but we do believe that the court has the ability to decide that it has been waived based on not having been raised in the district court. How about the point, first of all, I mean, when we're interpreting a regulation, which is what we're doing here, why does it really matter whether they've made an argument one way or the other? We've got to interpret the regulation, and if they make an argument and it's wrong, we can decline to consider that, basically. We have to interpret. But the district court didn't have the opportunity to rule on that issue. Statutory construction can't be waived, can it? I mean, really? I do believe that the argument can be waived by not being raised in the district court. I mean, that's what Richison v. Ernest Group, Inc. Well, I understand generally arguments, but I'm talking about statutory construction. You're basically asking us to ignore the fact that the statute or the regulation says the regular rate includes all compensation. You're basically saying, well, you've got to ignore that argument now because they didn't exactly make it below. That doesn't make a lot of sense, does it, if we're trying to interpret what that means, what the term the regular rate means. Well, even if you consider it – so perhaps you should remand it for the district court to have the opportunity to make that decision. Well, isn't it a legal issue? It is a legal issue, and we believe that the statute – that the district court properly held that the statute was silent. So there's no way that – Explain your merits argument. Yes, I will absolutely explain the merits argument. So the statute – the only place that – so first of all, the statute is silent, right? The statute just says – the Colorado Wage Act says you must pay overtime to non-exempt employees at a rate of one and a half times the regular rate of pay. It's undisputed that the statute itself does not define the regular rate or explain what goes into calculating it. So that is delegated to the Colorado Department of Labor and Employment. The Colorado Department of Labor and Employment, you know, does – in its regulations, it regulates in certain issues and where it does not explicitly say that it deviates from federal law, then you look to federal law where it's silent. So this regulation, the only place that it mentions the word holiday – Wait a minute, whoa, whoa. It talks about the regular rate of pay, and we have a definition of what the regular rate of pay means. So you start there. You don't start with the word holiday in the regular rate. You start with the regular rate includes all compensation, and that includes – and then they give examples. Right, but like the regular rate includes all compensation, but we know it doesn't include overtime, right? So like that is not – Is the word compensation defined in the regs? It's not defined. And regular rate, you know, is a – the term regular rate is a creature of federal law. That term is created by the FLSA, and everything that is in 1.8.1, everything that's stated there is wholly consistent with the federal regulation on the regular rate of pay. So there's no way that a Colorado employer could look at that regulation, which the only place that mentions holiday pay is to say that holiday pay is excluded, and they're supposed to read that regulation and know, oh, there's this other thing, holiday incentive pay, that I do have to include in the regular rate of pay. But holiday pay, isn't holiday pay included in the list of pay that's given when you're not working? Doesn't that put it in that context? It doesn't say that. It doesn't say when you're not working. It is listed with other categories that are not working, and the district court did find that that was not the meaning of holiday pay in this context. But there's still no way that a Colorado employer – You're not challenging that, are you? I'm sorry? You're not challenging that, are you? We are. There's absolutely an alternate basis that this court – and doesn't mean work pay, such as the examples that are given as for regular rate compensation, shift differentials, minimum wage, work hours, like holiday incentive pay. Assuming we agree with that, what is your argument for the fact that the regular rate, including all compensation, doesn't include holiday incentive pay? My argument is that you have to look at it as a whole and that it's fine. My argument is that the regulation is silent, and therefore – Silent as to an exclusion? Silent as to what's included in the regular rate. Whether or not holiday incentive pay, which is a particular carve-out under the FLSA – It's pay for work performed, just like all this compensation is paid for work performed, right? Right. Holiday incentive pay says that if you pay an employee time and a half their base rate of pay for working on a holiday, you don't have to include that extra premium in the regular rate of pay. And so this court should look to the FLSA, because never has the Colorado Department of Labor and Employment said that they are not following the FLSA with respect to this regulation. Let me ask shift differential. I understand that shift differential is performing the same work, you get compensated more because you're doing it at an inconvenient time. So shift differential is like night pay. If you're the night shift, you get more pay. Isn't that what's going on with the holiday differential? This is a crummy time to work, you want to be with your family, it's on vacation, we need workers, so we'll pay you more. Why doesn't that fit the notion of a shift differential? The FLSA has distinguished those two different categories and has said that they are different. That holiday incentive pay has to be specifically the time and a half for working on a holiday. So that is how it was constructed by the FLSA. There's no court anywhere in the country that has found that holiday incentive pay is a shift differential. You mentioned that in your brief, without citation to any authority from any state. Do you have authority for each state showing that they don't do this? Because I'm sure you're being honest about it, but we like to check.  Certainly if there was authority, the other side would have pointed it out if any court had ever ruled the way that they're asking. But there is no court decision on this. The problem you have is we don't look to the FLSA if it's in Colorado. Colorado can certainly provide more for their employees, and they possibly do here, than the FLSA. And we don't care what the FLSA is if Colorado has specifically provided more. Now other states, I do believe you're correct, there are plenty of other states that go along with the FLSA. They mimic the FLSA on this. They have that same credit. But it doesn't appear that Colorado does, so why do we even talk about the FLSA is my point. We talk about the FLSA because there's no indication that in issuing this regulation that the Colorado Department of Labor intended to do anything with the FLSA. Except that they talk all about compensation for work, and the fact that that compensation includes work compensation. And then they, in that very same reg, they say, but by the way, we're going to give you credit for these certain things, including holiday pay, that is not work compensation. It's for non-work. That's what they say. It's pretty simple and straightforward. There's no other section like in the FLSA saying, oh, and by the way, we're also going to exclude holiday incentive pay. Yes, but everything in that regulation is completely consistent. It's just borrowed from the FLSA. Except the part that excludes holiday incentive pay. There's no part in that that excludes holiday incentive pay. I think that the concern is if the district court was just reading the 1.81 just straight through and understood it to be plain, not silent, not ambiguous, just plain, that all compensation means what your friend is saying. It's there. All means all. Do you disagree with that? If we were to reach this argument, either because it's in the case, or as Judge Moritz is suggesting, it's our obligation to read the law, how do you prevail under the plain reading of the reg? We prevail because the regulation is silent as to holiday incentive pay, and therefore you are allowed under De Herrera to look at the FLSA and interpret this consistently with the FLSA, which is how the CBOE intends it to be interpreted because they have set forth the areas that are not consistent, and this is not one of them. I'd like to pursue the question I asked a few minutes ago, which I don't think was responded to. There were a lot of different interruptions, but it seems to me that the term shift differential pay would fit what's going on here, and your response was, well, no one else includes that in compensation, but that doesn't answer the question of what interpretation of shift differential can you provide that would exclude paying more to work on a holiday or a weekend or whatever. You said one thing that might be relevant here, maybe you can pursue this a little bit. You said that this regulation is taken from FLSA material. Is there something in the FLSA that talks about including shift differential pay? Is there a FLSA regulation that uses that term? Yes, Your Honor. So 29 CFR 778-200 are the regulations, the federal regulations regarding the regular rate of pay, and they say that a shift differential is included in the regular rate of pay, and they say that holiday incentive pay is excluded. So I believe that answers my question. There's one regulation that addresses both those things? Correct, Your Honor. That's what I'm saying, that 1.8.1 is pulled directly from these regs, and everything that 1.8.1 says is consistent with the different categories that are set out in 29 CFR 778. That's an argument I didn't gather that you were saying, but if what you're saying is this reg, the state reg, is taken verbatim from a federal regulation, then that's a good argument to interpret it the same way. I never saw that argument made or heard it until just now. And we can check to see if we agree with your construction of it, but that's what you're saying. That's what I'm saying, is that the courts should look at 29 CFR 778-200. It's not taken verbatim, Your Honor, but everything in the categories is consistent. Let me ask one more question. Does the regulation that it's taken from use the term shift differential pay? I believe so, Your Honor. And it also uses the word holiday incentive pay. Holiday incentive pay is the term of art that we're using that the district court adopted, but it's time and a half pay for working on a holiday. Well, if it's just like the federal language or very close, then looking to the federal law for interpretation makes sense. I don't remember having that point presented, but I'll stop there because I know Judge Moritz. Can you point me to the regulation that you're talking about in the FLSA, 29 USC 207? I assume you're talking about the statute, right? 29 CFR, right? Or CFR. 29 CFR 778-200. But you said that's a whole bunch of regulations. That's a chapter or something. Is there a specific one that was used for the state reg? That section 200 lists out all the types of categories, which are then kind of condensed into one word for each in the state reg. OK. So it's like a condensed version. So you think it's a shorthand for all the subsections of 178.200? Yes, Your Honor. My time has expired. Thank you, and we would ask the court to affirm. Any questions? No. Thank you. Your Honor, as an answer to a few questions that you asked opposing counsel, first, the Colorado Wage Act does define compensation. It defines compensation as all amounts for labor or services performed by employees. So there is a definition, maybe not perhaps in the comps order, but it is in the statute. And what's that? It is all amounts for labor or service performed by employees. It's CRS 8-4101. And that's the definition of compensation? Yes, Your Honor. And to opposing counsel's point, in citation to De Herrera, Colorado Supreme Court in Gomez made very clear, they made a distinction from De Herrera, because in De Herrera, the parties agreed that Colorado law should be read in harmony with the FLSA. And here, the parties do not agree, just as in Gomez, the parties do not agree that Colorado law should be read in harmony with the FLSA. Here, there should be no reason to even look to the FLSA, because Colorado law is clear. If you can understand the Colorado law without any sort of other interpretive aids, then there's no reason to look to the FLSA. However, if this court would like to look to the FLSA, the plaintiff's provided all of the provisions, the relevant provisions of the Colorado law and the FLSA, within the end of our brief with an appendix. And if you compare the language line by line, there is no indication that Colorado law intended to follow the FLSA in this area of law. The language is nowhere near similar, let alone identical, as opposing counsel posits. So, here we ask that this case is about 10 simple words, and those words have real value to Colorado citizens. With Thanksgiving less than a week away, tens of thousands of Colorado employees stand to lose hard-earned money, which they've sacrificed their time with their friends and family to receive. If the law is interpreted as Amazon Mark used, those Colorado citizens will have once again sacrificed that time without the perceived benefit that is written in the clear language of the law. We ask this court to reverse the district court's decision and remand for further proceedings on this case. Is Colorado's exclusion, or I'm sorry, inclusion of holiday incentive pay, assuming that we agree with you that it is included in all compensation, is that unusual, do you know, in terms of other states? Do most states follow the FLSA, which specifically excludes holiday incentive pay? I did a 50-state survey of the various regulations that the states provide. There were about five states that, similar to Colorado, state, we will not incorporate the FLSA unless explicitly written. Alaska was a good example of Alaska goes through and lists specifically by reference each and every single statute and regulation from the CFR and the FLSA that it's choosing to incorporate, and Alaska does not incorporate this holiday incentive pay credit. I do not remember off the top of my head the other states, but I believe perhaps Washington and New York, I know that there were four or five. Okay, so most states probably do incorporate, you're saying, the FLSA, which means they don't pay, they don't include compensation, holiday incentive pay, unless they have said we don't follow the FLSA, and not only don't follow it, but then provide it for something different in their own. I believe there are a large number of states that don't even have their own wage regulations in the way that Colorado does. And those states who have not taken it upon themselves to create their own statutes and protections for their workers by default incorporate the FLSA. There are a handful of states out there who have taken it upon themselves to declare that they believe their workers are entitled to more than the bare minimum of what the FLSA provides. But looking at those states, it may be helpful, but I don't think it's necessary. Your time has expired, so keep it short. Yes, and I'm just saying I don't think it's necessary because today we're just looking at the plain language of Colorado law. So thank you for your time, Your Honors. Thank you. Thank you, counsel. Case is submitted. Counsel is excused. Court will be in recess until further call.